IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-23-397-F |
| ) | |
| JOHN NEDZA, M.D., ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Defendant John Nedza, M.D., has been charged by indictment with 18 counts of obtaining a controlled substance by deceit or subterfuge in violation of 21 U.S.C. § 843(a)(3). He has filed a motion seeking to dismiss the indictment, pursuant to Rule 12(b)(3)(B)(iii) and (v), Fed. R. Crim. P., arguing that the indictment fails to satisfy Rule 7(c)(1), Fed. R. Crim. P, because it does not "set forth 'a plain, concise, and definite written statement of the essential facts constituting the offense[s] charged.'" Doc. no. 18, ECF p. 1 (quoting Rule 7(c)(1), Fed. R. Crim. P.) (alteration added). In addition, he has filed a motion seeking to dismiss certain counts of the indictment, specifically counts 2 through 18, pursuant to Rule 12(b)(3)(B)(ii), Fed. R. Crim. P., arguing that they are multiplicitous of count 1. Alternatively, defendant seeks to compel plaintiff United States to elect between the multiplicitous counts before trial. Doc. no. 19. Plaintiff has responded, opposing both motions. Doc. nos. 22 and 24. Defendant has replied. Doc. nos. 31 and 32. Upon due consideration of the parties' submissions, the court finds the motions should be denied.

Motion to Dismiss – Rule 7(c)(1)

Section 843(a)(3) of Title 21 of the United States Code makes it unlawful for any person to "knowingly or intentionally . . . acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." 21 U.S.C. § 843(a)(3).

Defendant argues that the indictment fails to state the "essential facts," for the charged § 843(a)(3) offenses, as required by Rule 7(c)(1), because it does not set forth "what misrepresentation, fraud, forgery, deception, or subterfuge [he] engaged in to allegedly obtain the listed controlled substances." Doc. no. 18, ECF p. 5. Defendant contends that merely charging the § 843(a)(3) offenses in the words of the statute is not sufficient, and that the indictment must "descend to particulars." Doc. no. 18, ECF p. 3 (quoting United States v. Curtis, 506 F.2d 985, 991 (10th Cir. 1974), quoting United States v. Cruikshank, 92 U.S. 542, 558 (1875)). Defendant asserts that the distinguishing feature of an § 843(a)(3) offense is an element of "trickery," doc. no. 18, ECF p. 5 (quoting United States v. Wilbur, 58 F.3d 1291, 1292 (8th Cir. 1995)), and maintains that the indictment fails to set forth any facts concerning this element. Therefore, defendant argues that the indictment is defective for "lack of specificity" and "failure to state an offense," and must be dismissed pursuant to Rule 12(b)(3)(B) (iii) and (v).

Upon review, the court concludes that the indictment satisfies Rule 7(c)(1). While it does use the language of § 843(a)(3) to describe the charged offenses, the indictment also provides facts and circumstances to inform defendant of the specific § 843(a)(3) offenses with which he is charged. It alleges that defendant knowingly and intentionally acquired and obtained the listed controlled substances (Hydromorphone, Midazolam (Versed), Fentanyl, and Ketamine) by misrepresentation, fraud, forgery, deception, and subterfuge, "specifically, by withdrawing the listed controlled substances from the Pyxis machine at a medical

2

facility to purportedly dispense to a patient but then diverting those controlled substances for his own personal use." Doc. no. 1, ECF p. 1.  It then goes on to allege for each count, the date and time, the type of drug and quantity of drug, and the identity of the patient (using initials).  *Id*., ECF pp. 1-2.  The court concludes that these alleged facts and circumstances along with the other allegations in the indictment set forth the "essential facts" constituting the § 843(a)(3) offenses charged.

The court rejects defendant's argument that § 843(a)(3) offenses in the indictment are not sufficiently charged because there is no "trickery" alleged.  Although the Wilbur court, in reversing a conviction under § 843(a)(3), found "no evidence of trickery that allowed [defendant's] acquisition of morphine during the period specified in the indictment," Wilbur, 58 F.3d at 1293, the court did not cite any authority that trickery is required to sustain a conviction under § 843(a)(3) based on deception or subterfuge.  Trickery is defined as "the use of subterfuge or stratagems to deceive."  Black's Law Dictionary (11th ed. 2019).  A stratagem is defined as a "trick or deception to obtain an advantage."  *Id*.  The definitions of "subterfuge" and "deception" also include the use of a trick.  *Id*.  However, in addition to the use of a trick, the definition of subterfuge includes a "clever *plan or idea* used to escape, avoid, or conceal something" and the definition of deception includes an "*act* of deliberately causing someone to believe that something is true when the actor knows it to be false." Black's Law Dictionary (11th ed. 2019).  The court concludes that the facts alleged in the indictment are sufficient to fall within those definitions.  The fact that the indictment alleges that defendant withdrew the controlled substances to "*purportedly* dispense to a patient" does not render the facts alleged as insufficient.  The indictment specifically sets forth facts to show that controlled substances were obtained from the Pyxis machine at a medical facility for

specific patients (specifically identifying the patients by initials) and alleges that the controlled substances were then diverted to defendant's personal use.

Additionally, in United States v. Wiginton, 208 F.3d 228, 2000 WL 289606 (10th Cir. 2000) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)), the Tenth Circuit affirmed convictions for obtaining possession of morphine by "fraud," where unusually large quantities of narcotic drugs were signed out from a medicine cart under the name of the defendant licensed practical nurse, who was responsible for distributing medications to patients, where there were no doctors' orders for the quantity of narcotic drugs signed out and in some cases the patient was not in the hospital.[1]  Id. at *2.

Under Tenth Circuit precedent, in evaluating an indictment's sufficiency, the court must employ "practical rather than technical considerations." United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997).  In addition, "[a]n indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied." United States v. Phillips, 869 F.2d 1361, 1364 (10th Cir. 1988) (quotation marks and citation omitted).  The indictment in this case, so read and so construed, is sufficient to set forth the essential facts constituting the § 843(a)(3) offenses charged.  It does adequately allege "*how* [the] defendant obtained the drugs." Wilbur, 58 F.3d at 1292 (quotation marks and citation omitted; emphasis in original).  Further, it "'puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a

---

[1] In his papers, defendant suggests that the § 843(a)(3) convictions in Wiginton based upon fraud were supportable because that defendant "obtained controlled substances by using other employees' unique identifying codes." Doc. no. 31, ECF p. 5.  However, the trial testimony indicated that "three codes had to be entered to requisition the narcotics from the medicine carts, two being unique to Defendant." Wiginton, 2000 WL 289606, at *2.  The Tenth Circuit also stated that its review of the record indicated that the narcotic drugs were "signed out under Defendant's name." Id.

4

double jeopardy defense.'" United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting Dashney, 117 F.3d at 1205).

Motion to Dismiss – Multiplicitous Counts

Next, defendant challenges the government's decision to charge him with 18 counts of violating § 843(a)(3). Counts 2 through 18, he contends, are multiplicitous to count 1. The counts in the indictment are based on defendant obtaining controlled substances—Hydromorphone, Midazolam (Versed), Fentanyl, and Ketamine—by misrepresentation, fraud, forgery, deception, and subterfuge over a four-day period in March of 2022, ostensibly for six patients. Defendant contends that § 843(a)(3) is ambiguous as to whether Congress intended to punish persons for obtaining multiple types of controlled substances and asserts that the rule of lenity precludes the government from prosecuting these alleged occurrences as separate counts. Defendant asks the court to either dismiss the multiplicitous counts or to require the government elect one count before trial. In the alternative, defendant asks the court to find that the counts charged for the alleged conduct occurring on the same day are multiplicitous and to dismiss the multiplicitous counts or require the government to elect one count for each day listed in the indictment.

The government argues in response that there are no multiplicitous counts. It contends that the plain language of the statute, criminalizing the fraudulent acquisition of "a controlled substance" authorizes the government to charge each acquisition of each controlled substance as a separate count. Even if the court were to find a multiplicity problem, the government asserts that dismissal is not a required remedy. According to the government, the court should require the government to elect a single count per patient, rather than a single count per day, or to vacate any multiplicitous count of conviction after trial.

"Multiplicitous counts are separately charged counts that are based on the same criminal behavior." United States v. Jenkins, 313 F.3d 549, 557 (10th Cir.

2002). Although multiplicitous counts are not "'fatal to an indictment,'" they are considered "'improper because they allow multiple punishments for a single criminal offense.'" United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006) quoting Jenkins, 313 F.3d at 557). Multiplicitous sentences violate the Double Jeopardy Clause. *Id*.

When, as here, the indictment charges multiple violations of the same statute, "the question is whether the facts underlying each count were intended by Congress to constitute separate units of prosecution." United States v. Elliot, 937 F.3d 1310, 1313 (10th Cir. 2019) (quotations marks and citation omitted). "The 'unit of prosecution' is 'the minimum amount of activity a defendant must undertake, what he must do, to commit each new and independent violation of a criminal statute.'" *Id*. (quoting United States v. Rentz, 777 F.3d 1105, 1109 (10th Cir. 2015) (en banc)). "If, after employing the usual tools of statutory interpretation," the court is left with a "grievous ambiguity or uncertainty concerning the statute," the court is to "employ the rule of lenity." *Id*. (quotation marks and citation omitted).

The statute at issue, 21 U.S.C. § 843(a)(3), prohibits "knowingly or intentionally . . . acquir[ing] or obtain[ing] possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge[.]" 21 U.S.C. § 843(a)(3). The court must determine whether Congress unambiguously defined the unit of prosecution as each instance of obtaining a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. The court concludes that it did. The statute of conviction contains the unambiguous modifier "a" preceding the phrase "controlled substance." In the court's view, the use of the word "a" indicates an unambiguous congressional intent to make each acquisition of "a" controlled substance a unit of prosecution. United States v. Vargas-Castillo, 329 F.3d 715, 721 (9th Cir. 2003) ("Unlike "any," the article 'a' cannot be said to fully encompass plural activity. [] Rather, it encompasses singular, individualized activity

6

and unambiguously defines the unit of prosecution in singular terms."); *see also*, United States v. Richardson, 86 F.3d 1537, 1553 (10th Cir. 1996); Sanders v. United States, 441 F.2d 412, 414 (10th Cir. 1971).

As the court construes the statute, each acquisition of each controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge constitutes a separate and distinct violation and represents the correct unit of prosecution. That conclusion is supported by the plain language of the statute. Here, the indictment charges in each count an acquisition of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. The fact that more than one controlled substance may have been acquired or obtained by one or more than one misrepresentation, fraud, forgery, deception, or subterfuge is irrelevant. Each controlled substance is alleged to have been acquired or obtained by defendant by a misrepresentation, fraud, forgery, deception, or subterfuge. Further, the fact that more than one controlled substance may have been acquired or obtained during the same minute interval or within a two-minute interval is irrelevant. Each controlled substance is alleged to have been acquired or obtained by defendant during that same minute or two-minute interval by a misrepresentation, fraud, forgery, deception, or subterfuge.

The rule of lenity requires courts to "interpret an ambiguous law in favor of a criminal defendant." United States v. Richter, 796 F.3d 1173, 1188 (10th Cir. 2015). It is a rule of last resort once "all evidence of congressional meaning identified by the parties" is exhausted. Rentz, 777 F.3d at 1112. The court rejects defendant's arguments that § 843(a)(3) is ambiguous as to the unit of prosecution, including the argument that the statute is ambiguous in light of the penalty provisions of 21 U.S.C. § 841. The court concludes that the rule of lenity does not apply.

Conclusion

Accordingly, Defendant John Nedza's M.D.'s Motion to Dismiss the Indictment (doc. no. 18) and Defendant John Nedza's M.D.'s Motion to Dismiss Certain Counts in the Indictment and Motion to Elect (doc. no. 19) are **DENIED**.

DATED this 23rd day of February, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0397p011.docx